**BALDWIN vs. MARTIN & AL.**

APPEAL from the court of the sixth district.

MATTHEWS, J. delivered the opinion of the court. In this case the plaintiff claimed, as creditor of one of the co-heirs of the succession of Gabriel Martin deceased, a partition of said succession, to enable him to levy an execution on the portion of his debtor, against whom he had a judgment. Having obtained a decree

<div style="margin-left: auto; width: 30%;">

West'n District
*Sept.* 1823.

CAMPBELL
*vs.*
MILLER

If the appellant obtain the judge's order for an appeal before the expiration of two years, the citation may be served afterwards.

Service of petition at the *last place of residence* of the defendant is *bad.*

</div>

West'n District
Sept. 1823.

BALDWIN
vs.
MARTIN & AL.

for partition, the judgment remained long without any appeal. which was finally taken, returnable to the present term of this court, by two of the defendants only.

The appellee moves to have the appeal dismissed, on two grounds—1st, Because the service of the citation was made since the expiration of two years from the date of the judgment of the court below. Although the appeal was prayed for and obtained within that period—2nd, That the citation is defective, because the caption, states it to be in a case of the appellee vs Mary Martin & al. whilst the petition of appeal is in the name of J & G. Martin.

As to the first of these objections to the legality of the appeal, we are of opinion that it was not barred by the failure to serve the citation within the two years to which suitors right to appeal is limited. The requisition of the law is complied with, as within that time the appellant may obtain the judge's order granting an appeal.

The objection to the citation, on account of uncertainty, is not supported. The record shews clearly, that the present appellants were considered as parties to the suit of Mary Mar-

tin & al. and as a judgment was pronoun-
ced affecting their interest, this gives them a
right to appeal—*Id certum est quod certum red-
di potest.*

The case is brought up without statement of
facts, &c. But errors are assigned as apparent
on the face of the record ; amongst which is
the want of serving citations on the appellants.
The return of the sheriff states, that he left ci-
tations for them with their mother at their
*last place of residence.* In judicial proceed-
ings, where personal serving of process does not
actually take place, to bring a defendant into
court, its want cannot be supplied, unless by
pursuing strictly the provisions of law, which
substitute any other species of service. When
a defendant cannot be found, the law authori-
ses service by leaving copies of writs at his usu-
al place of abode, which must be left with
some free white member of the family, above
the age of 14 years. Now, it appears to us
that there is a total difference in the ideas con-
veyed by the expression "last place of abode
or residence," from those implied by the ex-
pression "usual." According to the first ex-
pression, the person alluded to would be con-
sidered as being no longer a resident in the

VOL. I. (N. S.)      66

West'n District
Sept. 1823.

BALDWIN
vs.
MARTIN & AL.

same place; whilst the second implies only a temporary absence.

In the present case the record does not shew a personal service on the appellants, and this deficiency is not legally supplied by the manner in which it appears service was made of the original citation. We therefore conclude, that they were not parties to this suit, and consequently, the judgment herein rendered is, as to them, null and void. Being of opinion that the appellants must prevail on this error assigned, we deem it unnecessary to examine any of the rest.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court, so far as it relates to the present appellants, be annulled, avoided and reversed; and that the appellee pay the costs of this appeal.

*Baldwin* for the plaintiff, *Thomas, Scott & Johnston* for the defendants.